# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41674
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL MORENO-RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1741-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Victor Manuel Moreno-Ruiz appeals his 150-month sentence for knowingly transporting an illegal alien for the purpose of financial gain resulting in death. The sentence constituted a 63-month increase from the applicable guidelines range of 70-87 months of imprisonment, which the district court stated was an upward departure pursuant to U.S.S.G. § 5K2.1, p.s. At sentencing, the district court expressed its belief that Moreno-Ruiz's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attempt to conceal and decision to leave an injured Maria de Lourdes Santos-Becerra directly contributed to her death.

On appeal, Moreno-Ruiz argues that the district court abused its discretion by imposing an upward departure in this case, noting that the sentence was substantively unreasonable because the guidelines calculation adequately took into account all aggravating factors.  He emphasizes that the guidelines range of imprisonment already took Santos-Becerra's death into consideration when it imposed an enhancement under U.S.S.G. § 2L1.1(b)(7)(D) for her death and an enhancement under § 2L1.1(b)(6) for creating a substantial risk of death or serious bodily injury.  Moreno-Ruiz also asserts that the departure was based on hearsay at the sentencing hearing and statements by individuals hoping to avoid prosecution.  The Government contends that we should review Moreno-Ruiz's claims for plain error only because he did not raise these grounds in the district court.

We need not resolve the proper standard of review, as Moreno-Ruiz's claims fail even under the more onerous abuse-of-discretion standard.  *See* *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Under § 5K2.1, the district court may impose an upward departure for the aggravating circumstance of death.  Nothing in the policy statement advises that a district court may not upwardly depart under the section when a guidelines sentence has been enhanced already on the same circumstance of death or risk of death and personal injury.  The district court clearly outlined its reasons for departure, specifically citing actions that exhibited a callous disregard for the life of Santos-Becerra.  Moreover, the § 2L1.1(b)(6) enhancement for creating a substantial risk of death or bodily injury was not based on Santos-Becerra's death, but rather the risks created by Moreno Ruiz in leading the aliens on a hazardous route across the border.  Moreno-Ruiz has

not shown that the district court abused its discretion in upwardly departing from the guidelines range under § 5K2.1.  *See* U.S.S.G. § 5K2.0(a)(3), p.s.; § 5K2.1; *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

The district court also did not err by relying on hearsay at the sentencing hearing.  *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006). Additionally, Moreno offers nothing but mere conjecture when he claims that the other aliens blamed him for Santos-Becerra's death in order to avoid prosecution.  Moreno-Ruiz did not offer any evidence to rebut the information contained in the presentence report and thus, the district court was free to rely on it without additional inquiry.  *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Finally, the extent of the departure, 63 months above the guidelines range of 87 months, is well within the range of departures or variances that we have upheld.  *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011); *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

Moreno-Ruiz has not shown that the district court committed error, plain or otherwise, by upwardly departing from the guidelines range under § 5K2.1. The judgment of the district court is AFFIRMED.